**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1552-19T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CHRISTOPHER FOSTER,

     Defendant-Appellant.

_____

Submitted September 30, 2020 – Decided October 14, 2020

Before Judges Haas, Mawla, and Natali.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 18-08-1216.

Joseph E. Krakora, Public Defender, attorney for appellant (Morgan A. Birck, Assistant Deputy Public Defender, of counsel and on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Joie D. Piderit, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

By leave granted, defendant appeals from a Law Division order compelling him to provide the State with the passcode to a passcode-protected cellphone seized from him pursuant to a Communications Data Warrant.[1]

At the time the trial court issued its order, it did not have the benefit of our Supreme Court's recent decision in State v. Andrews, ___ N.J. ___ (2020).[2] In Andrews, the Court held that under the foregone conclusion exception to the Fifth Amendment, a trial court may require a defendant to disclose the passcode to his or her cellphone if the State can demonstrate that: the passcode exists; the cellphone was in the defendant's possession when seized; the defendant owned and operated the cellphone thereby establishing his or her knowledge of the passcode; and the passcode enables access to the cellphone's contents. (Id. at 40). If the State establishes that the defendant's knowledge of the passcode is a foregone conclusion, he or she must provide it to the State, which may then use the passcode to unlock and search the contents of the cellphone. Id. at 37 (finding "that the foregone conclusion test applies to the production of the passcodes themselves, rather than to the phones' contents").

_____

[1] We stayed this order pending our consideration of this appeal.

[2] In Andrews, the Court affirmed and reinforced our earlier decision in State v. Andrews, 457 N.J. Super. 14 (App. Div. 2018). (slip op. at 3, 47).

A-1552-19T1

Contrary to the Supreme Court's ruling in <u>Andrews</u>, the trial court did not make any findings of fact or conclusions of law on the issue of whether defendant exercised possession, custody, or control of the cellphone or knew the passcode needed to unlock the device. Therefore, we are unable to determine whether the foregone conclusion exception to the Fifth Amendment applies to the case at hand.

Accordingly, we summarily remand this matter for rehearing in light of the Supreme Court's decision in <u>Andrews</u>. Because the facts underlying the parties' competing legal arguments appear to be in sharp dispute, the court should conduct an evidentiary hearing and, as required by <u>Rule</u> 1:7-4, render a decision supported by findings of fact and conclusions of law on the issues presented.

Remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1552-19T1